Benjamin **MARTINEZ**, Plaintiff,

v.

Louis **SULLIVAN**, M.D., Secretary of Health and Human Services, Defendant.

No. 89 CV 1839.

United States District Court, E.D. New York.

Sept. 17, 1990.

Benjamin Martinez, pro se.

Thomas A. Jones, Jr., Sp. Asst. U.S. Atty., Andrew J. Maloney, U.S. Atty., E.D. N.Y., for defendant.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is an action brought pursuant to section 1631(c) of the Supplemental Security Income Act ("SSI"), 42 U.S.C. § 1383(c), to review the decision of the Secretary of Health and Human Services (the "Secretary"), denying plaintiff's application for SSI benefits. Plaintiff seeks reversal of the Secretary's decision and an award of disability benefits. The Secretary moves for a judgment affirming the final determination.

---

1. It is not clear whether plaintiff completed two or four years of grade school education (Tr. 38,

## PROCEDURAL HISTORY

Plaintiff filed for Supplemental Security Income ("SSI") benefits on August 11, 1988 (Tr. 51). The application received a protective filing date of January 1, 1988 (Tr. 51). Plaintiff's application was denied initially, and again on reconsideration (Tr. 64–67, 86–88). Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). On January 24, 1989, after adjourning the hearing twice to allow plaintiff an opportunity to obtain counsel, the ALJ conducted the hearing (Tr. 35–50). Plaintiff attended the hearing accompanied by his counsel and a Spanish interpreter. After a *de novo* review of plaintiff's application, the ALJ determined that plaintiff was not disabled and therefore denied plaintiff's claim (Tr. 9–16). The decision of the ALJ became the final decision of the Secretary on May 16, 1989, when the Appeals Council denied plaintiff's request for review (Tr. 3–6).

## FACTS

Plaintiff, Benjamin Martinez, is a 59 year old man with a limited grade school education.[1] Plaintiff last worked as a machine metal worker in 1964 (Tr. 39), a position he held for thirteen years (Tr. 95). He alleges disability beginning January 1, 1988 (Tr. 52), due to hernias, alcoholism, and arthritis (Tr. 40, 41, 42). Plaintiff also claims that he is too old to work (Tr. 50).

On October 20, 1986, plaintiff had surgery at Methodist Hospital to repair a left inguinal hernia (Tr. 173, 179, 203). Post-operation reports indicate that plaintiff responded positively to the surgery and that the tissue surrounding the scar area healed properly (Tr. 165, 173). On September 4, 1987, plaintiff returned to the Methodist Hospital claiming to be experiencing some pain and numbness in his left thigh (Tr. 166). Upon further examination at the hospital's surgical clinic, the scar area appeared to be slightly distended, but there was no evidence of direct or indirect hernia (Tr. 166). Plaintiff was diagnosed as hav-

---

145). Regardless, it is safe to say that plaintiff's educational level is marginal.

ing experienced possible nerve involvement of the area post-surgery (Tr. 166). He was told to return to the clinic for treatment as needed (Tr. 166). It appears that since that time plaintiff has had to return to the clinic only once (Tr. 148, 154).

Plaintiff visited Methodist Hospital on numerous other occasions for treatment of relatively minor ailments, including foot infections, hemorrhoids, and pruritic rashes. (Tr. 151–152, 133, 155–156). Each time he was treated successfully and released.

Dr. Jorge Oldan, a consulting physician, conducted a psychiatric evaluation of plaintiff on April 4, 1988 (Tr. 145). Dr. Oldan diagnosed plaintiff as having alcohol dependency in remission and indicated that plaintiff is functional (Tr. 146).

Dr. Peter Graham conducted a consultative examination of plaintiff on April 5, 1988 (Tr. 137). Dr. Graham found that plaintiff has a history of alcohol abuse but had been sober for at least three years prior to his examination (Tr. 137). In addition, Dr. Graham noted that while plaintiff has a history of arthritis, he nevertheless has a full range of motion in his joints, without any "pain, swelling, tenderness, deformity, redness or heat" (Tr. 138). Dr. Graham concluded that plaintiff was not under any functional disability (Tr. 139).

Plaintiff lives by himself in a one room, walk-up apartment on the fourth floor of his building (Tr. 46). He testified that he cooks, cleans, and shops for himself (Tr. 46). Plaintiff spends his days sitting in the park, walking, or jogging (Tr. 47). Plaintiff stated that he can jog for up to two hours at a time (Tr. 47–48), and that he has the capacity to lift items as heavy as a small refrigerator (Tr. 49–50).

The ALJ found that plaintiff does not meet or equal a listed impairment (Tr. 13), and that plaintiff has the residual functional capacity to perform medium work (Tr. 14). The ALJ relied on Rule 203.11—which applies to individuals of "advanced age" (*i.e.*, 55 years and older), with "limited or less" education, and unskilled prior work experience—in finding that plaintiff is not disabled. 20 C.F.R. Subpart P, App. 2, Table No. 3, Rule 203.11.

## DISCUSSION

The Court's role in reviewing the Secretary's decision is limited to a determination of whether that decision is supported by substantial evidence in the record. 42 U.S.C. § 405(g). Substantial evidence is considered to be that evidence which " 'a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)).

■ Even if there were evidence in the record that would support a different conclusion, the Secretary's decision must stand if it is supported by substantial evidence. *Rivera v. Harris*, 623 F.2d 212, 216 (2d Cir.1980). As the Second Circuit has stated:

> Congress has instructed us that the factual findings of the Secretary, if supported by substantial evidence, shall be conclusive. We would be derelict in our duties if we simply paid lip service to this rule, while shaping our holding to conform to our own interpretation of the evidence.

*Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir.1982), *cert. denied*, 459 U.S. 1212, 103 S.Ct. 1207, 75 L.Ed.2d 447 (1983) (citations omitted).

■ The Secretary concluded, notwithstanding plaintiff's age, history of alcoholism, and arthritis, that plaintiff maintained a residual functional capacity for a broad range of medium work (Tr. 14). Medium work requires the ability to lift no more than fifty pounds at a time, with frequent lifting and carrying of objects weighing up to twenty-five pounds. 20 C.F.R. § 416.967(c). There is ample evidence in the record to support this conclusion.

Dr. Oldan and Dr. Graham both indicated that plaintiff has no functional limitations. Dr. Graham reported that plaintiff's extremities exhibited a full range of motion with no pain or swelling, and that plaintiff has no functional deficit due to his arthritis

(Tr. 137–139). Dr. Oldan found that plaintiff's alcoholism had been in remission for approximately three years and that plaintiff was not mentally impaired (Tr. 145–146). These findings are not contradicted in the record.

While plaintiff has returned to Methodist Hospital on several occasions since his surgery for treatment of different maladies, the record indicates that he has received successful treatment each time. Nothing in the Methodist Hospital records indicates that plaintiff is disabled.

Plaintiff's own statements regarding his physical capabilities belie his claim of disability. Plaintiff's insistence that he is able to jog for up to two hours, as well as his stated ability to lift objects as heavy as a small refrigerator, clearly support the Secretary's finding that plaintiff maintains the ability to perform a broad range of medium work.

The Secretary also made certain vocational findings: *i.e.*, plaintiff is of·advanced age, has a marginal education, and is unskilled (Tr. 15). Rule 203.11 of 20 C.F.R. Part 404, directs that a person who maintains a residual functional capacity for medium work, and is of advanced age, with limited education, and is unskilled is not disabled. 20 C.F.R. Subpart P, App. 2, Table No. 3, Rule 203.11. Where the findings of fact coincide with all of the criteria of a rule, that rule controls and directs a conclusion as to whether or not the plaintiff is disabled. 20 C.F.R. § 416.969; *Heckler v. Campbell*, 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). The Secretary, therefore, correctly determined that the plaintiff is not disabled.

■ Finally, in addition to all of his physical ailments, plaintiff claims disability because of his advanced age (Tr. 50). While this fact merits consideration, a finding of advanced age need not dictate disability. The Secretary must demonstrate only that the claimant is capable of performing work that exists in the national economy. 42 U.S.C. § 423(d)(2)(A). The Social Security Administration has taken notice of the fact that approximately 2,500 separate sedentary, light, and medium oc-

cupations can be identified, "each representing numerous jobs in the national economy." 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 203.00. The Secretary's determination that plaintiff can perform a wide range of medium work therefore indicates that there are jobs in the national economy for plaintiff, notwithstanding his age.

■ While plaintiff's age may hinder his job search, the issue, in terms of disability, is not whether plaintiff would be able to find a job, but whether physically he would be able to perform the tasks required by that occupation. 42 U.S.C. § 1382(a)(3)(B); *Rivera v. Harris*, 623 F.2d 212, 216–17 (2d Cir.1980).

## CONCLUSION

Accordingly, I am of the opinion that the Secretary's decision is supported by substantial evidence, and it is therefore affirmed. Defendant's motion is granted.

SO ORDERED.